IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RUSSELL BECKMAN,

                Plaintiff,                OPINION AND ORDER

v.

                                        24-cv-307-wmc

WISCONSIN OFFICE OF LAWYER REGULATION
TIMOTHY SAMUELSON, Director,

                Defendants.

---

    Plaintiff Russell Beckman, who is representing himself, filed a complaint alleging that a Wisconsin Supreme Court Rule (SCR), as applied by defendants Wisconsin Office of Lawyer Regulation (OLR) and Timothy Samuelson, the director of OLR, is unconstitutional. Specifically, he contends that SCR 22.02 violates his First Amendment right to petition the government for redress of grievances clause and the Due Process and Equal Protection clauses of the Fourteenth Amendment. The next step is for the court to screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (holding that "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status"). Under § 1915(e)(2)(B), courts must dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. For the reasons explained below, the court will dismiss plaintiff's complaint with prejudice.

ALLEGATIONS OF FACT[1]

Defendant OLR is an agency under the supervision and control of the Wisconsin Supreme Court. The Wisconsin Supreme Court has established rules governing attorney conduct and has made OLR responsible for investigating attorneys who may have violated those rules.

Beckman has filed grievances with OLR against two different government attorneys. Both grievances were dismissed at the "intake" step due to "lack of sufficient evidence, or factual or legal basis." Beckman's appeals of these dismissals were denied by OLR's director.

Following the dismissals, Beckman did not file appeals in Wisconsin state court, as he believed that SCR 22.02(4), which states that there "shall be no review of the director's decision," would exempt OLR from complying with the judicial review provisions of Wisconsin's Administrative Procedure Act.[2] Instead, Beckman filed this complaint in

---

[1] Plaintiff alleges the following facts in his complaint, which the court accepts as true for purposes of screening.

[2] Wis. Stat. § 227.52 states that:
>[a]dministrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, are subject to review as provided in this chapter, except as otherwise provided by law and except for the following
>>(1) Decisions of the department of revenue.
>>(2) Decisions of the department of employee trust funds.
>>(3) Those decisions of the division of banking that are subject to review, prior to any judicial review, by the banking institutions review board, and decisions of the division of banking relating to savings banks or savings and loan associations, but no other institutions subject to the jurisdiction of the division of banking.
>>(4) Decisions of the office of credit unions.
>>(6) Decisions of the chairperson of the elections commission or the chairperson's designee.

federal court and has asked this court to:

> compel OLR to amend the process by which it handles grievances filed by citizens alleging unethical conduct by attorneys. In so doing, the process must conform with to the following provisions of the U. S. Constitution.
> a) The Right to Petition the Government for Redress of Grievances Clause of the First Amendment
> b) The Due Process Clause of Section 1 of the Fourteenth Amendment
> c) The Equal Protection Clause of Section 1 of the Fourteen Amendment.

(Dkt. 1 at 18).

OPINION

The court understands plaintiff's complaint to seek an order directing OLR to stop enforcing SCR 22.02 as written and to amend it to be consistent with the First and Fourteenth Amendments of the U.S. Constitution. Also, the court construes plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must at a minimum allege violations of a right protected by the U.S. Constitution or federal laws. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009).

As an initial matter, plaintiff has not named a proper defendant. Agencies, such as OLR, are not appropriate defendants for claims seeking injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding that the proper party in a claim for injunctive relief includes the supervisory government officials who would be responsible for ensuring injunctive relief is carried out); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that agencies are not subject to lawsuits under 42 U.S.C.

---

(7) Those decisions of the department of workforce development which are subject to review, prior to any judicial review, by the labor and industry review commission.

§ 1983). Moreover, plaintiff has not alleged that defendant Samuelson is an official with authority over the enforcement of SCR 22.02 or the power to amend that rule. Rather, the Wisconsin Supreme Court is responsible for promulgating and amending its own rules.

Even assuming that a proper defendant had been named, plaintiff's claims fail on the merits. First, as to plaintiff's First Amendment claim, "[t]he rights to speak, associate, and petition do not require government policymakers to listen or respond to individuals' communications on public issues. So, while the government may not interfere with the right to petition, it need not grant the petition, no matter how meritorious it is." *Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056, 1063 (7th Cir. 2020) (internal citations and quotations omitted).[3]

Here, plaintiff's allegations show that he *was* able to petition the government -- specifically, he filed a grievance with OLR and, when that was dismissed, he appealed to OLR's director. The fact that he was not able to *further* appeal the denial of his grievance does not show that he was prohibited from petitioning the government. *Viehweg v. City of Mt. Olive*, No. 12-CV-3234, 2013 WL 2457682, at *4 (C.D. Ill. June 6, 2013) (holding that plaintiff's right to petition was not denied after defendants did not respond to his petition); *Shipley*, 947 F.3d at1063 (holding that plaintiff's right to petition was not violated when they were prevented from publicly commenting at a proclamation meeting when they had voiced their objections before and after the meeting and submitted their

---

[3] "The right to petition the government for redress of grievances is found in the First Amendment to the Constitution but has been held to be enforceable against the states by virtue of the due process clause of the Fourteenth Amendment." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1006 (7th Cir. 2000).

4

observations in writing beforehand); and *Smith v. Arkansas State Highway Emp., Loc. 1315*, 441 U.S. 463, 465 (1979) (holding that "the First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it"). Moreover, plaintiff does not allege that he sought judicial review of the director's denial much less that he was denied access to the courts.

Second, as to plaintiff's Due Process claim, plaintiff must show that he was deprived of liberty or property without having been given notice and an opportunity to be heard prior to the deprivation. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). The Supreme Court has stated that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it … [h]e must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Here, plaintiff has not alleged facts supporting the conclusion that he is entitled to judicial review following his appeal to the OLR director. *See Chapman v. Sellen*, No. 05C0015, 2005 WL 1629897 (E.D. Wis. July 5, 2005) (holding that plaintiff did not have a property interest in OLR review following closure of a grievance); and *Fochtman v. Van Hollen*, 2021 WL 5881973, *3 (W.D. Wis. Dec. 13, 2021) (holding that discretion in the review process set out by SCR 22.02 did "not support a conclusion that plaintiff had a federal protected interest in" the handling or review of his OLR complaint). And, as noted above, plaintiff did not actually seek judicial review of the denial.

Third, the Equal Protection clause prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for

5

discriminatory treatment as a so-called "class of one." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). Here, plaintiff has not alleged that Samuelson discriminated against him on the basis of membership in a protected class or irrationally targeted him as a class of one. As a result, plaintiff has failed to sate a viable claim under 42 U.S.C. § 1983.

Finally, because the court has no basis to infer that plaintiff could amend his complaint to save it from dismissal, the court will not offer him the opportunity to amend. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted.") (emphasis original and citation and quotation marks omitted).

## ORDER

IT IS ORDERED that:

1) Plaintiff Russell Beckman's complaint, dkt. #1, is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B).

2) The clerk of court is directed to close this case.

Entered this 21st day of March, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge